UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC, a Curacao limited liability company,<br><br>Defendant. | In Law and In Admiralty<br><br>No.<br><br>COMPLAINT FOR DAMAGES<br><br><u>DEMAND FOR JURY TRIAL</u> |

COME NOW the Plaintiff herein, Elizabeth Graham, by and through her undersigned attorneys of record, Michael David Myers and Myers & Company, P.L.L.C., and hereby alleges and asserts as follows:

### I.   PARTIES

1.1   Plaintiff Elizabeth Graham resides in the State of Florida.

1.2   Ms. Graham was a paying passenger aboard the ms OOSTERDAM at the time she sustained the injuries referenced herein.

1.3   At all times material the vessel ms OOSTERDAM was owned and chartered by Holland America Line N.V.

COMPLAINT FOR DAMAGES - 1

## II.     JURISDICTION AND VENUE

2.1     This action is an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h).

2.2     The jurisdiction of this Court is established pursuant to 28 U.S.C. § 1331 and 1333.

2.3     Jurisdiction and venue are properly lodged in this Court pursuant to the forum selection clause contained in the Holland America "Cruise Contract." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

## III.     FACTS

3.1     Ms. Graham entered into a contract of passage with the Defendant for the purpose of passage on the vessel ms OOSTERDAM.

3.2     On April 18, 2019 the ms OOSTERDAM was anchored off of Fuerte Amador, Panama.

3.3     Large vessels such as the ms OOSTERDAM frequently anchor rather than dock pier side while in a port of call, requiring guests to travel by "tender boat" (a smaller vessel) to and from port.

3.4     To get back to the vessel the passengers had to load on a tender from a dock. There was no ramp or (gangway) between the dock and the tender.

3.5     Waves caused the tender to move up and down. Rather than utilize a gangway or wait until the waves subsided, a crew member inside the tender got ahold of Ms. Graham's arm and pulled her from the dock into the tender.

3.6    As Ms. Graham was being pulled inside the waves caused the tender to lurch, causing her to fall.

3.7    As a result of the incident Ms. Graham suffered personal injuries and other special and general damages.

### IV.    CAUSE OF ACTION - NEGLIGENCE

4.1    Ms. Graham realleges all prior allegations as though fully stated herein.

4.2    A passenger carrier has a duty to exercise extraordinary vigilance and the highest skill to secure the safe conveyance of the passengers. This included (a) a duty to provide passengers with safe transportation, under adequate supervision, to and from the dock; and (b) a duty to provide passengers' safe embarking and disembarking in each port.

4.3    Defendant breached its duty to provide Ms. Graham with safe transportation, under adequate supervision, from the dock to the vessel. Defendant violated its duty to ensure reasonably safe embarking and disembarking. Specifically, Defendant attempted to pull Ms. Graham from the dock into the tender while conditions were unsafe.

4.4    As a direct and proximate result of Defendant's negligence, Ms. Graham has suffered damages in an amount to be proven at the time of trial.

### V.    DAMAGES

As a result of all acts and/or omissions set forth herein, Defendant is liable to Ms. Graham for all damages as are reasonable in the premises, which damages consist of but not limited to the following:

5.1    Past, present and future physical pain, suffering and loss of function.

5.2    Past, present and future mental pain, anguish and suffering.

5.3     Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, and diagnostic studies.

5.4     Temporary and permanent disability.

5.5     Loss of household services.

5.6     General damages cognizable by the laws of the United States and Constitution of the United States of America.

5.7     Consequential and incidental damages.

## VI.   JURY DEMAND

Ms. Graham demands a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. Graham prays for judgment against the Defendant as follows:

A.     For monetary judgment in an amount sufficient to compensate Ms. Graham for the special, general, incidental and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the defendant or its agents, employees and all other persons or entities which they may be vicariously liable;

B.     For prejudgment interest on all liquidated amounts as allowed by law;

C.     For Ms. Graham's reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law, and equitable theories; and

D.     For such other and further relief as the Court deems just and equitable.

DATED this 16th day of October, 2019.

                              MYERS & COMPANY, P.L.L.C.

                              Attorneys for Plaintiff

                              By: _____
                                    Michael David Myers
                                    WSBA No. 22486
                                    mmyers@myers-company.com
                                    Myers & Company, P.L.L.C.
                                    1530 Eastlake Avenue East
                                    Seattle, Washington  98102
                                    Telephone: (206) 398-1188